UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANDI CAIN JR., | No. 2:17-cv-00848-JAM-DB |
| Plaintiff, | |
| v. | **ORDER GRANTING COUNTY OF SACRAMENTO'S MOTION TO DISMISS** |
| CITY OF SACRAMENTO, et al., | |
| Defendants. | |

Nandi Cain Jr. ("Plaintiff") filed this action against Officer Anthony Figueroa, the City of Sacramento, the County of Sacramento, and a number of Doe defendants for constitutional violations stemming from a disturbing confrontation, arrest, and detention. The County of Sacramento ("County") seeks dismissal of the Monell claim asserted against it. For the reasons set forth below, the Court grants the County's Motion to Dismiss, with leave to amend.[1]

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for August 29, 2017.

1

I. FACTUAL ALLEGATIONS AND PROCEDURAL BACKGROUND

Nandi Cain ("Plaintiff") alleges (and for purposes of this motion the Court takes as true) that the following events transpired:

On April 10, 2017, Officer Anthony Figueroa stopped Plaintiff as he was walking down Cypress Street in Del Paso Heights. Compl., ECF No. 1, ¶¶ 11-13. After Plaintiff questioned the officer's motives, Officer Figueroa rushed at Plaintiff, grabbed him by the throat, threw him to the ground, and began punching him in the face. Id. ¶ 16. Officer Figueroa and the other officers that arrived on scene handcuffed Plaintiff and put him in the back of a patrol car. Id. ¶¶ 16, 17. Plaintiff was transported to the Sacramento County Jail,[2] without being offered or provided medical care for his injuries. Id.

At the jail, staff again failed to offer or provide care for Plaintiff's injuries. Id. ¶ 19. Officers placed Plaintiff in an isolation cell, where he was subsequently attacked by multiple officers who forcibly stripped him of his clothes. Id. ¶¶ 20, 21. Plaintiff was humiliated and feared that the officers would sexually assault him. Id. ¶¶ 23, 24. Plaintiff was released around 2:00 a.m. and no charges were filed against him. Id. ¶¶ 25, 26.

Plaintiff filed this lawsuit against Officer Figueroa, unnamed officers and jail employees, the City of Sacramento, and the County of Sacramento. He asserts a Fourth Amendment

---

[2] This paragraph refers to Sacramento City Jail, but the Complaint otherwise indicates Plaintiff was transported to the County Jail.

2

excessive force claim against Officer Figueroa and unnamed officers, and a Monell claim against the City, the County, and other unnamed officers. With respect to the County, Plaintiff alleges the following:

- "CITY/COUNTY . . . breached their duty of care to the public in that they have failed to discipline Defendants . . . for their respective misconduct and involvement in the incident described herein. Their failure . . . demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating, and/or ratifying with deliberate indifference, the use of racial profiling, excessive force and the fabrication of official reports to cover up Defendants" misconduct. Compl. ¶ 27.
- "[A]s a matter of official policy—rooted in an entrenched posture of deliberate indifference to the constitutional rights of persons [in the] CITY/COUNTY of SACRAMENTO, SPD/SSD has allowed persons to be abused and racially profiled by its employees including Defendants[.]" Id. ¶ 29.
- "SPD/SSD employees exhibit a pattern and practice of using racial profiling and excessive force against citizens and despite these incidents, none of the employees are ever found in violation of department policy, even under the most questionable of circumstances. SPD/SSD's failure to discipline or retrain any of the involved employees is evidence of an official policy, entrenched culture and posture of

|   |   |
|---|---|
| 1 | deliberate indifference toward protecting citizen's |
| 2 | rights and the resulting deaths and injuries is a |
| 3 | proximate result of SPD/SSD's failure to properly |
| 4 | supervise its employees and ratify their |
| 5 | unconstitutional conduct." Id. ¶ 31. |

- "[H]igh ranking CITY/COUNTY officials . . . knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by SPD/SSD Officers . . . [and] approved, ratified, condoned, encouraged, sought to cover up, and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by SPD/SSD" that resulted in Plaintiff's beating. "As a result of because of th[is] deliberate indifference, reckless, and/or conscious disregard of the misconduct by Defendants . . . [CITY/COUNTY] ratified and encouraged these officers to continue their course of misconduct." Id. ¶¶ 40-42.

The County seeks dismissal of the Monell claim asserted against it. ECF No. 10.

II. OPINION

A. Motion to Dismiss

A government entity, like the County, cannot be held liable under 42 U.S.C. § 1983 unless a plaintiff can show that the entity's policy, practice, or custom was the moving force behind the constitutional violation. Monell v. Dep't of Soc. Services of the City of N.Y., 436 U.S. 658, 694 (1978). To establish a Monell claim, "a plaintiff must prove (1) that [she] possessed a constitutional right of which she was deprived; (2) that the

4

government entity had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation." Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (citation omitted). In certain circumstances, a failure to train, a failure to supervise, or a failure to respond to repeated constitutional violations of which an entity had notice may amount to a policy of deliberate indifference. Id. (failure to train; failure to supervise); Velazquez v. City of Long Beach, 793 F.3d 1010, 1027 (9th Cir. 2015) (failure to discharge or reprimand).

To survive a motion to dismiss, a complaint must contain more than just labels and conclusions or a formulaic recitation of the elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). Historically, in order to plead a Monell claim in the Ninth Circuit, a plaintiff need only plead a "bare allegation that government officials' [unconstitutional] conduct conformed to some unidentified" policy or custom. AE ex rel. Hernandez v. Cnty. of Tulare, 666 F.3d 631, 637 (9th Cir. 2012). Following Iqbal/Twombly, however, the Ninth Circuit held that Monell claims must also contain sufficient allegations to give fair notice to the opposing party and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id. (quoting Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011)).

The County argues that Plaintiff's Monell claim against it should be dismissed because the Complaint "recites only 'labels

and conclusions' that are not entitled to the presumption of truth, and therefore are insufficient to state a claim." Mot. to Dismiss at 4. It further argues that Plaintiff only alleges a single incident of unconstitutional activity, which cannot, by itself, support a Monell claim.

To survive a motion to dismiss, a plaintiff must do more than allege that a Monell defendant "maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs" alleged elsewhere in the complaint. AE ex rel. Hernandez, 666 F.3d at 637. Facts regarding the specific nature of the alleged policy, custom, or practice are required; merely stating the subject to which the policy relates (i.e. excessive force) is insufficient. See id. Following this rule, district courts have dismissed complaints where a plaintiff alleged a single incident of unconstitutional conduct as the basis for their Monell claim. See Wallace v. City of Santa Rosa, No. C 12-6451 MMC, 2013 WL 4675354 (N.D. Cal. Aug. 30, 2013) (dismissing a Monell claim rooted in allegations of an officer's use of excessive force during plaintiff's arrest, finding that a single incident is insufficient to support a Monell claim based on inadequate training or failure to discipline). In contrast, where a complaint specifies the content of the policies, customs, or practices giving rise to the alleged constitutional injuries, courts have allowed the claim to go forward. See Mateos-Sandoval v. Cnty. of Sonoma, 942 F. Supp. 890, 899-900 (N.D. Cal. 2013).

The Complaint in this case alleges a traumatic encounter between Plaintiff and staff at the Sacramento County Jail.

Nevertheless, the allegations are insufficient to state a claim against the County. The thrust of the allegations against the County is that it allowed or promoted the type of excessive force alleged elsewhere in the Complaint. See Compl. ¶¶ 27, 29, 31. These allegations lack the specificity required to state a plausible—not merely possible—claim for relief. See AE ex rel. Hernandez, 666 F.3d at 637. The fact that Plaintiff collapses his allegations against the City and the County into single paragraphs further demonstrates the conclusory nature of the pleadings.

Insofar as Plaintiff premises the Monell claim on the County's failure to discipline the officers involved in the alleged incident, the pleadings, again, lack sufficient facts. Plaintiff is correct that—in certain circumstances and with additional facts—the failure to discipline or reprimand officers for unconstitutional conduct may support Monell liability. See Velazquez, 793 F.3d at 1027 ("A custom or practice can be inferred from evidence of repeated constitutional violations for which the errant municipal officers were not discharged or reprimanded."); Henry v. Cnty. of Shasta, 132 F.3d 512 (9th Cir. 1997) (post-event evidence of identical incidents may show that a municipality had notice of its agents' unconstitutional actions). However, Plaintiff merely recites the elements that would support such a claim without alleging any facts to cross the plausibility threshold. Compl. ¶¶ 31, 40-44; see Bagley v. City of Sunnyvale, No. 16-CV-02250-LHK, 2017 WL 344998, at *16 (N.D Cal. Jan. 24, 2017) (finding plaintiff's allegation that Sunnyvale has a policy to cover up unconstitutional actions by failing to investigate

7

and discipline unconstitutional enforcement activity too vague to support Monell liability under AE ex rel. Hernandez). These allegations, too, are insufficient.

Furthermore, the Complaint does not plausibly allege a Monell claim against the County based on inadequate training. Plaintiff has not provided any facts or explanation as to how the County's officer training is inadequate. See Canas v. City of Sunnyvale, No. C 08-5771 JF (PSG), 2011 WL 1743910, at *6 (N.D. Cal. Jan. 19, 2011) ("[Plaintiffs'] Monell allegations still are conclusory in nature. Other than alleging that the officers' EMT training was inadequate [to] enable them to assist the Decedent after he was shot, Plaintiffs do not explain in detail *how* the City's alleged policies or customs are deficient."). Summarily stating that Defendants "were on notice of the Constitutional defects in their training of SPD/SSD police officers, including, but not limited to unlawfully using excessive force to make detentions and/or arrests" is plainly insufficient. Compl. ¶ 43.

Although Plaintiff incorporates some *elements* of various Monell theories in his allegations, Plaintiff has failed to allege *facts* supporting a plausible claim for relief. Accordingly, the claim must be dismissed.

B.  Motion to Compel

In the final section of its Opposition, Plaintiff inserts a request for the Court to compel the County to provide names of jail employees. This request is not properly before the Court and is thus denied.

///

///

## III. ORDER

For the reasons set forth above, the Court GRANTS County's Motion to Dismiss the Monell claim asserted against it. The Court grants Plaintiff leave to amend *only* the claim against the County which was the subject of the Motion to Dismiss. Plaintiff's amended complaint must be filed within twenty days from the date of this Order. The County's responsive pleading is due within twenty days thereafter. If Plaintiff chooses not to amend the Complaint, the case will proceed on the remaining claims and the County will be dismissed from this action.

IT IS SO ORDERED.

Dated: October 3, 2017

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE